[No. 5127–1. Division One. April 3, 1978.]

LINDA L. BRADFUTE, ET AL, *Respondents*, v. RENTON
SCHOOL DISTRICT NO. 403, *Appellant.*

*Montgomery, Purdue, Blankinship & Austin, George W.
Akers,* and *Christopher L. Hirst,* for appellant.

*Schneider, Smythe, Salley & Van Siclen* and *Robert C.
Van Siclen,* for respondents.

SWANSON, J.—Appellant school district, defendant below, contends that the trial court erred in awarding attorney's fees to respondent following litigation over an attempted nonrenewal of employment. We agree with appellant that the applicable statutory requirements for an award of attorney's fees were not present, and reverse.

Respondent, Caran Oja, was a certificated employee of appellant school district. On April 5, 1976, pursuant to RCW 28A.67.070, appellant proffered Ms. Oja a notice of nonrenewal of her employment contract in the "Project Child Program" for the 1976–77 school year. RCW 28A.67-.070 provides in pertinent part:

> In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing on or before May 15th preceding the commencement of such term of that determination, which notification shall specify the cause or causes for nonrenewal of contract. . . . Every such employee so notified, at his or her request . . . shall be granted opportunity for hearing pursuant to RCW 28A.58.455 to determine whether there is sufficient cause or causes for nonrenewal of contract.

The notice stated the probable cause for nonrenewal to be "a reduction in district funds due to a reduction in Title I funding and/or program reduction in the Project Child Program."

At trial below, the court ruled that the school district lacked adequate documentation of program reductions or budgetary constraints to justify elimination of Ms. Oja's position and so failed to sustain its burden of proof. This led to respondent's request for and award of attorney's fees.

The parties agree RCW 28A.58.490 controls fee awards in this context.[1] That statute reads in part:

---

[1] We note parenthetically that RCW 28A.58.490 was amended during the interim between the filing of the complaint and trial in this action. The trial court correctly applied the amended statute retroactively as it affected no contractual or vested right but dealt with "practice, procedure or remedies." *Godfrey v. State,* 84 Wn.2d 959, 961, 530 P.2d 630 (1975); *see Bellingham v. Eiford Constr. Co.,* 10 Wn. App. 606, 519 P.2d 1330 (1974).

If the court enters judgment for the employee, *and if the court finds that the probable cause determination was made in bad faith or upon insufficient legal grounds,* the court in its discretion may award to the employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court.

(Italics ours.)

The statute imposes a 2–pronged test. The employee must first be successful at trial.[2] If successful, as was respondent, an award of attorney's fees will be appropriate only where the trial court "finds that the probable cause determination was made in bad faith or upon insufficient legal grounds . . ." There is no contention that the school district acted in bad faith; thus the award rests solely on the basis of insufficient legal grounds for making the probable cause determination.

█ However, it is clear, beyond peradventure, that a reduction in funding constitutes a legally sufficient probable cause for nonrenewal of employment under RCW 28A-.67.070. The court in *Barnes v. Seattle School Dist. 1,* 88 Wn.2d 483, 487, 563 P.2d 199 (1977), spoke directly to this issue:

We have held that the term "sufficient cause" in the context of the nonrenewal statute, RCW 28A.67.070, includes adverse financial condition of the district and that such condition may provide grounds for nonrenewal of an employee's contract under that statute.

*See Hill v. Dayton School Dist. 2,* 85 Wn.2d 204, 532 P.2d 1154 (1975); *Pierce v. Lake Stevens School Dist. 4,* 84 Wn.2d 772, 529 P.2d 810 (1974). Because inadequate funding is a legally sufficient ground we need not consider the adequacy of the program reduction rationale.

---

[2]This constitutes a significant departure from the predecessor statute which allowed fee awards at the discretion of the trial judge, thus raising the possibility of an award to an unsuccessful party. *See, e.g., Goodman v. Bethel School Dist. 403,* 84 Wn.2d 120, 524 P.2d 918 (1974). We presume the legislature intended a material change in the law when it rewrote the statute. *Allen v. Employment Security Dep't,* 83 Wn.2d 145, 516 P.2d 1032 (1973), and cases cited therein.

 Respondent argues, however, that appellant's failure to prove that her nonrenewal was caused by funding or program reductions negates the existence of such grounds and thus compels a conclusion that nonexisting grounds are legally insufficient. This is pure sophistry. As discussed above, the attorney's fee statute in question requires two distinct elements—success in litigation and bad faith or inadequate grounds for action. To reason that a failure to meet a burden of proof also characterizes the adequacy of the grounds acted upon confuses and commingles the two requirements into a single requirement of success in litigation. Where the language of the statute is clear and unambiguous, we will not alter it by construction. *Rasor v. Retail Credit Co.,* 87 Wn.2d 516, 554 P.2d 1041 (1976).

That portion of the judgment which awards attorney's fees is reversed.

CALLOW and ANDERSEN, JJ., concur.