[No. 4577-3-III.   Division Three.   July 6, 1982.]

C. ED HYDE, *Appellant,* v. WELLPINIT SCHOOL DISTRICT No. 49, ET AL, *Respondents.*

*William J. Powell,* for appellant.

*Robert W. Winston, Jr., Charles M. Andersen,* and *Winston & Cashatt,* for respondents.

McINTURFF, C.J.—Edward Hyde appeals an award of compensation for his unlawful denial of employment by the Wellpinit School District No. 49 (District).

This case presents a sequel to *Hyde v. Wellpinit Sch. Dist. 49,* 26 Wn. App. 282, 611 P.2d 1388, *review denied,* 94 Wn.2d 1007 (1980) *(Hyde* I). In that case this court held the attempted nonrenewal of Mr. Hyde as principal was invalid; he was reinstated September 1, 1980.

On February 10, 1981, a hearing convened on the issue of damages and attorney's fees pursuant to this court's opinion. The following is a synopsis of the court's findings:

1. Lost wages—Granted
2. Deduction for employment benefits received—Denied
3. Payment of medical and insurance—Granted
4. Housing and fringe benefit—Granted
5. Payment of 6 percent of lost wages to teachers' retirement system—Granted
6. Loss of rental income of Deer Park home in which Mr. Hyde resided during nonrenewal—Denied
7. Travel costs to and from his temporary job in Spokane—Denied
8. Attorney's fees under RCW 28A.58.490—Denied

Mr Hyde appeals the court's resolution of the latter three areas of requested compensation. He further contends he should be allowed interest on the award of damages.

Mr. Hyde urges this court to define the term "loss of compensation" under RCW 28A.58.490[1] to include his losses of rental income, travel costs and interest.

Prior to the amendment of RCW 28A.58.490 (Laws of 1975, 2d Ex. Sess., ch. 114, § 7), the section provided for award of "damages incurred by the employee by reason of the *action of the school district.*" The subsequent amendment included "*loss of compensation*" terminology; however, the legislative history is silent regarding the intent behind the legislative change. Consequently, we must look to other construction devices.

█ Words in a statute are given their ordinary meaning absent statutory definition. "Courts may consider extrinsic

---

[1]RCW 28A.58.490 states:

"If the court enters judgment for the employee, and if the court finds that the probable cause determination was made in bad faith or upon insufficient legal grounds, the court in its discretion may award to the employee a reasonable attorney's fee for the preparation and trial of his appeal, together with his taxable costs in the superior court. If the court enters judgment for the employee, in addition to ordering the school board to reinstate or issue a new contract to the employee, the court may award damages for *loss of compensation* incurred by the employee by reason of the action of the school district." (Italics ours.)

aids . . . [and] we frequently resort to dictionaries to ascertain the common meaning of statutory language." (Citations omitted.) *Garrison v. State Nursing Bd.*, 87 Wn.2d 195, 196, 550 P.2d 7 (1976). The term "compensation" is defined in Black's Law Dictionary (5th ed. 1979) as:

> That which is necessary to restore an injured party to his former position. . . .
> . . . remuneration for the injury directly and proximately caused by a breach of contract or duty . . . [Payment] by a person whose acts or omissions have caused loss or injury to another, in order that thereby the person damnified may receive equal value for his loss, or be made whole in respect of his injury.

With this definitional background in mind, we turn to Mr. Hyde's contention regarding travel expenses to and from his temporary employment in Spokane.

■■ The trial court, in finding of fact 10 found:

> [I]n order to maintain his employment at Center Ford, plaintiff was required to travel 50 miles per day round trip, five days per week, plus two Saturdays per month, a total of 1150 miles per month for the 14 months he was so employed.

However, the court entered conclusion of law 6 which stated:

> The court concludes as a matter of law that the plaintiff's travel costs to and from work at Center Ford are not properly deductible from his earnings to be offset against his lost pay from the school district and consequently they should be disallowed.

Nothing in the District's evidence refutes finding of fact 10. The burden is on the District to show that Mr. Hyde unreasonably failed to mitigate his damages. *Burr v. Clark*, 30 Wn.2d 149, 190 P.2d 769 (1948); *Ventoza v. Anderson*, 14 Wn. App. 882, 545 P.2d 1219 (1976).[2] Mr. Hyde had a duty to mitigate his loss of compensation—not merely await the outcome of a somewhat lengthy appellate process.

---

[2]Although it was shown that Mrs. Hyde drove to Spokane during a portion of the nonrenewal period, it is undisputed the Hydes worked in different parts of Spokane at different times.

The record is clear that he repeatedly sought employment in Deer Park and the Wellpinit area before ultimately settling on the job at Center Ford in Spokane as a means of mitigating his loss of compensation. He did what the law demanded. The travel expenses incurred in making this good faith effort are properly encompassed within the term "loss of compensation" under RCW 28A.58.490.

The District relies on *Diedrick v. School Dist. 81,* 87 Wn.2d 598, 555 P.2d 825 (1976), for the preclusion of travel expenses. In *Diedrick,* the appellant was denied travel costs since they did not "flow *naturally* from the invalid nonrenewal of his contract, but basically were related to general expenses of living and in choosing to reside in Olympia and accept employment in Rainier." *Diedrick, supra* at 610. We distinguish *Diedrick* in two ways: (1) it was decided prior to the 1975 amendment to RCW 28A.58.490 and (2) Mr. Hyde already maintained his residence in Deer Park but could only find work in Spokane, while the appellant in *Diedrick* was denied travel expenses due to "*choosing* to reside in Olympia and accept employment in Rainier." (Italics ours.) *Diedrick, supra* at 610. Under the instant facts, it would be unreasonable to require Mr. Hyde to sell his home in Deer Park, relocate to his temporary jobsite in Spokane while his case was on appeal, then move back after reinstatement.

Justice does not allow offsetting the mitigated income from Center Ford and denying his expenses to acquire that offset. "[A]n injured party is generally entitled to all legitimate and reasonable expenses necessarily incurred by him in an honest and good faith effort to reduce the damages from or following the wrongful act." *Kubista v. Romaine,* 14 Wn. App. 58, 64, 538 P.2d 812 (1975), *aff'd,* 87 Wn.2d 62, 549 P.2d 491 (1976). Thus, the travel costs are deductible based upon the computation found in finding of fact 10 but reduced by any car–pooling arrangements that may have been conducted.[3]

---

[3]In its oral decision, the court denied the expenses since there was no "show-

■ We need not resolve Mr. Hyde's request for rental income under a definitional analysis. Damages must be proved with reasonable certainty or supported by competent evidence in the record. *Iverson v. Marine Bancorporation,* 86 Wn.2d 562, 565, 546 P.2d 454 (1976). The loss of rental value means not conjectural or even probable profits which might accrue but the fair rental value of the premises in the *open market.* C. McCormick, *Damages* § 29 (1935); 22 Am. Jur. 2d *Damages* § 1 (1965). In its oral opinion the trial court observed:

> The rental on this house to me is not a reduction in salary, further, he has two sons and apparently they are still quite young, who were still in school, and apparently were in school back in the time in question. They are still living in his home. He lived in his home during—all week really, his wife was there, so the house was not rented during that period of time. Speculation on rental thereafter to me is pure speculation and conjecture. To say, "My sons are paying me $200 a month and absorbing the utilities, and that's a reasonable, allowable loss", I'm afraid that is not. In the court's mind this is not an arm's length type of transaction. This alleged loss should not be allowed.

We find no error in the court's determination. Mr. Hyde's arm's length transaction with members of his family, standing alone, is not determinative of fair rental value on the open market.

Next, Mr. Hyde assigns error to the court's denial of interest on his loss of compensation.

■ Generally, the State cannot, without its consent, be held to interest on debts. *Spier v. Department of Labor & Indus.,* 176 Wash. 374, 29 P.2d 679 (1934). The rule of sovereign immunity has been modified by subsequent case law. *See, e.g., Doric Co. v. King Cy.,* 59 Wn.2d 741, 370 P.2d 254 (1962) (interest allowed when excise tax paid under protest); *Columbia Steel Co. v. State,* 34 Wn.2d 700, 209 P.2d 482 (1949) (interest allowed when state statutes permit);

---

ing, in the court's mind, of whether or not the car wouldn't have been going back and forth to Spokane in any event, his wife was working in Spokane."

*Moen v. State,* 17 Wn. App. 35, 560 P.2d 728 (1977) (interest allowed on claim against State if provided by contract or statute); *Swartout v. Spokane,* 21 Wn. App. 665, 586 P.2d 135 (1978) (interest allowed where funds illegally withheld); *Architectural Woods, Inc. v. State,* 92 Wn.2d 521, 598 P.2d 1372 (1979) (act of entering an authorized contract with a private party waives sovereign immunity through implied consent absent a contrary provision).

In *Bond v. State,* 70 Wn.2d 746, 748, 425 P.2d 10 (1967), the court noted the generally recognized rule that a State is not liable for interest in any case "except where expressly, or by a *reasonable construction of a contract or statute,* it has placed itself in a position of liability." (Italics ours.) Here, the term "loss of compensation" under RCW 28A.58-.490 is again at issue.

The term "interest" as defined by Black's Law Dictionary means "the *compensation* allowed . . . for the use . . . or detention of money." (Italics ours.)[4] As previously noted, "compensation" is defined in Black's Law Dictionary as "That which is necessary to restore an injured party to his former position". The award of 2 years' back pay without an award of interest on the withheld funds would not place Mr. Hyde in as good a position as he would have been if properly renewed. The legislative change from "damages" to "compensation" implies an acceptance of liability for interest in the definitional sense. This construction also comports with the legal principles of making one whole for the loss suffered. In *McFerran v. Heroux,* 44 Wn.2d 631, 642, 269 P.2d 815 (1954), the court stated:

> An award of damages is *compensation* in money as a *substitute* for the promised performance . . . [which] makes a plaintiff *whole* for loss or injury suffered.

(Some italics ours.) By use of the term "loss of compensation" the State has impliedly waived sovereign immunity

---

[4]*Webster's Third New International Dictionary* (1969) defines the term "interest" as "compensation, interest on money . . . compensation for damage . . ."

and consented to liability for interest. *Bond, supra; see also Architectural Woods, Inc.,* at 527. The District has had the use of Mr. Hyde's compensation for 2 years. During our present-day inflationary spiral, the payment of interest for the use of one's money is common, necessitous and in this instance, legally necessary.

Mr. Hyde next maintains he is entitled to attorney's fees under our ruling in *Hyde* I and under RCW 28A.58.490. We agree.

RCW 28A.58.490 sets forth a 2–pronged test before attorney's fees may be awarded: the aggrieved party must be successful at trial and a probable cause determination for nonrenewal must be made in bad faith or *upon insufficient legal grounds.* This court in *Hyde* I stated:

> We conclude that the establishment of evaluative criteria and prior evaluation of Mr. Hyde's performance as principal are necessary prerequisites to avoid an unjust termination of his contract. Finding a complete failure of the school district to comply with the requirements and intent of the statute, the attempted nonrenewal was based upon a fundamentally defective foundation. . . .
>
> Judgment of the Superior Court is reversed; Mr. Hyde is reinstated to the position of principal; the case is remanded to the Superior Court for determination of damages and reasonable attorney's fees under RCW 28A.58.490.

(Citations omitted.) *Hyde, supra* at 26 Wn. App. 289. Both criteria of RCW 28A.58.490 are met; Mr. Hyde was successful at trial and the probable cause determination was based upon "a fundamentally defective foundation" tantamount to insufficient legal grounds under the statute. The school district cites *Bradfute v. Renton Sch. Dist. 403,* 19 Wn. App. 638, 577 P.2d 157 (1978) for the proposition that our determination in *Hyde* I was not based upon "legally insufficient grounds" under RCW 28A.58.490. In *Bradfute* the financial exigency of the district was the foundation for nonrenewal, but the school district could not prove the teacher's nonrenewal was actually based on funding or program reductions. That case is distinguishable. This court

inferentially held Mr. Hyde's nonrenewal was based upon a "fundamentally defective foundation" due to the District's disregard of its statutory obligation to use evaluation criteria contained in RCW 28A.67.065(2) as a condition precedent to nonrenewal. This disregard constituted legally insufficient grounds, not merely a failure of proof. Consequently, we remand for a finding of reasonable attorney's fees under the statute.

The judgment of the Superior Court is affirmed in part and reversed in part; the case is remanded for a determination of reasonable attorney's fees, travel expenses and interest.

GREEN and ROE, JJ., concur.