[Nos. 8193–8–II; 8296–9–II.   Division Two.   October 1, 1986.]

HUGO KRINGEL, ET AL, *Respondents,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *David R. Minikel, Assistant,* for appellant.

*N. Joseph Lynch II* and *Lynch & Lynch,* for respondent Kringel.

*David E. Schweinler* and *Schweinler, Lowenberg & Lopez,* for respondent Robinson.

WORSWICK, C.J.—Is the State liable for interest on an award of back pay to a reinstated employee, made under RCW 41.06.220(2)? We hold that sovereign immunity protects the State from such liability, and reverse a superior court order to the contrary.

Respondents were terminated from their positions with the Department of Social and Health Services pursuant to a reduction in force. Ultimately, the Superior Court ordered them reinstated and awarded them back pay pursuant to RCW 41.06.220(2). Thereafter, the court ordered the State to pay interest on this award, reasoning that its order for back pay was a judgment and, under *Architectural Woods, Inc. v. State,* 92 Wn.2d 521, 598 P.2d 1372 (1979), the State was deemed to have waived sovereign immunity for payments required under judgments against it. The State appeals only the interest award.

*Architectural Woods* reaffirmed the principle that because of sovereign immunity, the State is not liable for interest on its debts without its consent. 92 Wn.2d at 526. It went on to hold that such consent could be manifested expressly by statute or could be found by implication in situations where State agencies were authorized to enter

into contracts. 92 Wn.2d at 527. The court found such an implication in RCW 28B.10.300, a statute authorizing the agency involved, The Evergreen State College, to enter into contracts. It held that a judgment against the State on such a contract would bear interest because of general statutes allowing interest on judgments. This followed because consent to contract carried with it the implied consent to be responsible for the usual consequences of contractual relations.

■ This is not such a case. No contract is involved here. State personnel matters of this kind are governed entirely by statute. These statutes, with exceptions not relevant here, do not give rise to contractual expectancies. *Washington Fed'n of State Employees, Coun. 28 v. State*, 101 Wn.2d 536, 682 P.2d 869 (1984). The State has not waived sovereign immunity by authorizing an agency to enter into a contract, as in *Architectural Woods.*

■ Does RCW 41.06.220(2) itself constitute a waiver permitting interest on back pay awards? We hold it does not. The statute provides:

> (2) Any employee, when fully reinstated after appeal, shall be guaranteed all employee rights and benefits, including back pay, sick leave, vacation accrual, retirement and OASDI credits.[1]

A number of statutes specifically provide for interest on awards against the State, and thus waive sovereign immunity as to interest in specific instances. *See, e.g.,* RCW 4.56.115 (tort actions); RCW 51.32.080 (industrial insurance); RCW 82.32.060 (tax refunds). This statute does not. It unambiguously provides for an award of specific benefits only, including back pay. *Adams v. Department of Social & Health Servs.,* 38 Wn. App. 13, 683 P.2d 1133 (1984). There simply is no room for construction of this unambiguous statute. *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 587

---

[1]This language was adopted by initiative. Laws of 1961, ch. 1, § 22; Initiative 207, approved November 8, 1960. The principles regarding the construction of any statute nevertheless apply. *Adams v. Department of Social & Health Servs.,* 38 Wn. App. 13, 683 P.2d 1133 (1984).

P.2d 535 (1978).

Respondents contend that the language "shall be guaranteed all employee rights and benefits . . ." controls, that this language is broad enough to encompass interest as a "benefit," and that the specific term "back pay" should not be read to limit their recovery. We disagree.

■ The ejusdem generis rule, a standard rule of statutory construction, requires that general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 279, 501 P.2d 290 (1972), *appeal dismissed,* 411 U.S. 945 (1973); *Dean v. McFarland,* 81 Wn.2d 215, 219, 500 P.2d 1244, 74 A.L.R.3d 378 (1972). "Interest" is not a term similar to "back pay," and therefore is not suggested by the general language.

Respondents rely on *Hyde v. Wellpinit Sch. Dist. 49,* 32 Wn. App. 465, 648 P.2d 892 (1982), in which Division Three of this court held that the phrase "loss of compensation," as used in RCW 28A.58.490, constituted such a waiver so as to allow for interest on an award of lost wages. The court reached this result because it concluded that the language of the statute was general enough to embrace an award of interest. We need not consider whether we would have reached the same result. It is enough to point out that, in our view, while the general phrase "loss of compensation" *may* arguably be broad enough to authorize interest, the specific term "back pay" is not.

Respondents' further arguments come down to an assertion that fairness and justice require an award of interest here. We disagree. No one could suggest that sovereign immunity results in fairness and justice to anyone except, perhaps, to the government wrapped in its cloak. The issue here is not what the Legislature should do, but what it has done. It has not waived sovereign immunity by accepting responsibility for interest on back pay awards under this statute.

Reversed.

REED and PETRICH, JJ., concur.