[No. 13804-2-II.   Division Two.   November 20, 1991.]

MEI SHUM, *Respondent*, v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant*.

*Kenneth O. Eikenberry, Attorney General,* and *Nancy Thygesen Day, Assistant,* for appellant.

*Michael D. Hoffman* and *Schwabe Williamson & Wyatt,* for respondent.

PETRICH, A.C.J. — The Department of Labor and Industries appeals from a superior court order allowing prejudgment interest on a widow's pension. It contends that the award was not authorized by statute and that, absent statutory authority, sovereign immunity bars prejudgment interest. We agree and reverse.

Mei Shum is the widow of Allan Shum, who worked as a chemist at Niedermeyer-Martin. He died in 1981. Thereafter, Mei Shum filed a claim for widow's benefits, asserting

that exposure to chemicals during his employment proximately caused her husband's death. The Department of Labor and Industries (Department) denied the claim, and the Board of Industrial Insurance Appeals (Board) affirmed. Approximately 4 years later, after one hung jury in the superior court, a second jury reversed the Board's decision. On July 3, 1986, the trial court then entered a judgment allowing the widow's pension, reasonable attorney fees, postjudgment interest, and costs.

On January 28, 1988, after the Department ordered the payment of postjudgment interest and closed the claim, Shum protested, requesting prejudgment interest for the period between her husband's death and the 1986 judgment. The Department denied the request; the Board granted an appeal and affirmed the denial. The Superior Court, after consolidating Shum's CR 60(b) motion to vacate the 1986 judgment with its review of the Board's decision, reversed the denial, granted Shum's motion, and awarded Shum prejudgment interest. The Department appeals from that order.

█ All the issues in this appeal involve questions of law; we review such questions de novo. *Hadley v. Department of Labor & Indus.*, 57 Wn. App. 670, 673-74, 786 P.2d 817 (1990), *rev'd on other grounds*, 116 Wn.2d 897, 810 P.2d 500, 814 P.2d 666 (1991).

## A

### Motion for Relief on 1986 Judgment

The issue of prejudgment interest came to the superior court in two ways. As noted, Shum appealed to the superior court from the Department's 1988 order, which denied her request for prejudgment interest. Shum also filed a CR 60(b) motion for prejudgment interest with the court under the original pension claim cause number.[1] The court consoli-

---

[1] While the record does not state the specific motion made to the superior court, both parties refer to it as a CR 60(b) motion. More specifically, the respondent states that under CR 60(b) "the superior courts may relieve a party from the terms of a judgment for any reason justifying relief if the motion is made within a reasonable time." As this language describes a CR 60(b)(11) motion, we treat it as such.

dated this motion with Shum's appeal from the Board's decision. In its written order, the court granted the motion and reversed the Department order.

The Department is correct in its observation that nothing in the original judgment, which was not timely appealed, provided for prejudgment interest. However, it issued a subsequent order denying prejudgment interest from which the Board granted Shum an appeal. Because the court should not have granted Shum's CR 60(b) motion, we review only the order from which the Board granted Shum an appeal.

■ ■ The Superior Court should not have considered Shum's CR 60(b) motion to vacate the original order as the only questions raised were those of law. The use of CR 60(b)(11) motions is confined to situations involving extraordinary circumstances not covered by any other section of CR 60(b). *In re Marriage of Flannagan*, 42 Wn. App. 214, 221, 709 P.2d 1247 (1985), *review denied*, 105 Wn.2d 1005 (1986). These circumstances relate to " ' "irregularities which are extraneous to the action of the court or go to the question of the regularity of its proceedings." ' " *Flannagan*, at 221 (quoting *State v. Keller*, 32 Wn. App. 135, 141, 647 P.2d 35 (1982) (quoting *Marie's Blue Cheese Dressing, Inc. v. Andre's Better Foods, Inc.*, 68 Wn.2d 756, 758, 415 P.2d 501 (1966))). "Errors of law may not be corrected by a motion pursuant to CR 60(b), but must be raised on appeal." *In re Marriage of Tang*, 57 Wn. App. 648, 654, 789 P.2d 118 (1990) (citing *Burlingame v. Consolidated Mines & Smelting Co.*, 106 Wn.2d 328, 336, 722 P.2d 67 (1986)). The trial court abuses its discretion if it grants a CR 60(b) motion when the only grounds for vacation of the decree are errors of law. *Tang*, at 654. *See also State v. Keller*, 32 Wn. App. 135, 139-42, 647 P.2d 35 (1982). Thus, the Superior Court abused its discretion in granting Shum's CR 60(b) motion.

## B
### STATUTORY CONSTRUCTION

The trial court concluded "That pursuant to RCW 51.52-.135, prejudgment interest is to be paid on a widow's

pension."[2] This statute does not authorize prejudgment interest on widows' pensions. Rather, it authorizes prejudgment interest only when the employer appeals and the worker prevails or only when the worker both appeals and prevails on a claim for temporary total disability. Shum does not contend that the statute makes an express provision for prejudgment interest; however, she points out that the statute does not disclaim such liability.

■ ■ "We are not unmindful of the rule that the workmen's compensation act shall be liberally construed in favor of its beneficiaries, but, where the language of the act is not ambiguous and exhibits a clear and reasonable meaning, there is no room for construction." *Rhoad v. McLean Trucking Co.*, 102 Wn.2d 422, 426, 686 P.2d 483 (1984) (quoting *Lowry v. Department of Labor & Indus.*, 21 Wn.2d 538, 542, 151 P.2d 822 (1944)). "[C]ourts will neither read into a statute matters which are not there nor modify a statute by construction." *Rhoad*, at 426 (refused to require the Department to bear a proportionate share of attorney fees and costs incurred in successful third party litigation). Thus, under the rules of statutory construction, RCW 51.52.135 does not allow the award of prejudgment interest on a widow's pension.

---

[2]RCW 51.52.135 states:

"(1) When a worker or beneficiary prevails in an appeal by the employer to the board or in an appeal by the employer to the court from the decision and order of the board, the worker or beneficiary shall be entitled to interest at the rate of twelve percent per annum on the unpaid amount of the award after deducting the amount of attorney fees.

"(2) When a worker or beneficiary prevails in an appeal by the worker or beneficiary to the board or the court regarding a claim for temporary total disability, the worker or beneficiary shall be entitled to interest at the rate of twelve percent per annum on the unpaid amount of the award after deducting the amount of attorney fees.

"(3) The interest provided for in subsections (1) and (2) of this section shall accrue from the date of the department's order granting the award or denying payment of the award. The interest shall be paid by the party having the obligation to pay the award. The amount of interest to be paid shall be fixed by the board or court, as the case may be."

## C
### Sovereign Immunity

Shum next contends that prejudgment interest is impliedly authorized because the State waived its sovereign immunity and, hence, is liable for prejudgment interest because the amount of Shum's claim is a liquidated amount. The trial court agreed, concluding "[t]hat the State of Washington, Department of Labor and Industries, has waived its Sovereign Immunity by implication by offering insurance to Employers."

> The general rule is that the state cannot, without its consent, be held to interest on its debts. It is contended by respondent that the judgment is essentially not against the state. To this, we cannot agree. The department of labor and industries is a state agency, exercising functions which, under the declarations of the workmen's compensation act, are governmental.

(Citations omitted.) *Spier v. Department of Labor & Indus.*, 176 Wash. 374, 376-77, 29 P.2d 679 (1934). However, the State can impliedly consent to the payment of interest:

> It is our opinion that the consent to liability for interest which was required under the rule of *Spier* can be an implied consent, and is not limited to the express statutory or contractual consent, which was required by subsequent cases. It is our further opinion that by the act of entering into an authorized contract with a private party, the State, absent a contractual provision to the contrary, thereby waives its sovereign immunity in regard to the transaction and impliedly consents to the same responsibilities and liabilities as the private party, including liability for interest.

*Architectural Woods, Inc. v. State*, 92 Wn.2d 521, 526-27, 598 P.2d 1372 (1979).

Shum contends that the State has impliedly consented to liability for prejudgment interest because, in carrying out RCW Title 51, it is acting as a private insurer by contracting with individual employers. Relying on *Architectural Woods*, Shum claims that because the "contract" between the Department and the employer is "absent a provision to the contrary", the Department has accepted the liabilities

and responsibilities of a private carrier who would, under similar circumstances, be liable for prejudgment interest.

■ We disagree. *Architectural Woods* does not apply here because the Department is not acting as a private insurer. RCW Title 51 is an exercise of the police power that uses public funds and administers governmental functions under a statute whose terms and requirements are nonnegotiable. In *Crown Zellerbach Corp. v. Department of Labor & Indus.*, 98 Wn.2d 102, 108-09, 653 P.2d 626 (1982), the self-insurer contended that the Department's method of classifying occupations and fixing premium rates needed to be in accordance with recognized insurance principles. The court rejected this argument, holding that the Industrial Insurance Act was a statute and not the equivalent of an insurance contract.

■ In *Kringel v. Department of Social & Health Servs.*, 45 Wn. App. 462, 464, 726 P.2d 58 (1986), this court held that state personnel matters, because they are governed entirely by statute, do not give rise to contractual expectancies. In deciding whether the Legislature had waived sovereign immunity regarding interest on back pay, the court said, "A number of statutes specifically provide for interest on awards against the State, and thus waive sovereign immunity as to interest *in specific instances*. See, e.g., . . . RCW 51.32.080 (industrial insurance) . . .". (Italics ours.) *Kringel*, at 464. Thus, RCW Title 51 does not create a blanket waiver of sovereign immunity, rather it creates a waiver only in specific delineated circumstances. It is inappropriate to imply a waiver of sovereign immunity when what is being administered is entirely statutory.

Next, despite Shum's urging, *Hyde v. Wellpinit Sch. Dist. 49*, 32 Wn. App. 465, 471-72, 648 P.2d 892 (1982) does not support her position that the State impliedly waived its sovereign immunity. In *Hyde*, the court held that the legislative change of the term "damages" to that of "loss of compensation" under RCW 28A.58.490 for unlawful denial of

employment was an implied waiver of sovereign immunity as it relates to interest on a compensation award. Unlike *Kringel*, *Hyde* involved a specific change to a statute from which the court implied a change in legislative intent. Neither here nor in *Kringel* was there an affirmative legislative act justifying a waiver of sovereign immunity.

■ ■ Finally, Shum argued for the first time at oral argument that the Department waived its sovereign immunity *in this case* when it failed to object to the imposition of postjudgment interest at the 1986 trial. Shum contends that there is no conceptual difference between prejudgment and postjudgment interest and because the Department did not object to the payment of postjudgment interest, it is now precluded from arguing that sovereign immunity protects it from paying prejudgment interest. Her contention rests on RCW 51.52.140, which provides: "Except as otherwise provided in this chapter, the practice in civil cases shall apply to appeals prescribed in this chapter." She contends that the State waived its right to object to prejudgment interest because the court awarded postjudgment interest under RCW 4.56.110, which authorizes interest from the date of entry of judgment, and from the common law rule allowing courts to grant prejudgment interest on liquidated damages. While the rules of civil practice generally apply in workers' compensation cases, they do not apply when RCW Title 51 provides otherwise. RCW 51.52.140. RCW Title 51 makes a distinction between prejudgment and postjudgment interest by dealing specifically with prejudgment interest in specific circumstances. *See* RCW 51.52.135. The express mention of one thing in a statute implies the exclusion of another thing, expressio unius est exclusio alterius. *Bradley v. Department of Labor & Indus.*, 52 Wn.2d 780, 784, 329 P.2d 196 (1958). Thus, the failure to object to the payment of postjudgment interest is not a waiver of the right to object to the payment of prejudgment interest. The Department itself has recognized this distinction since the reenactment of RCW 51.52.140 in 1961 when it began paying postjudgment interest.

In conclusion, RCW Title 51 neither expressly nor impliedly authorizes the payment of prejudgment interest on a widow's pension because the State has not waived its sovereign immunity for this specific type of claim.

Judgment and order reversed.

ALEXANDER and MORGAN, JJ., concur.