## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of | No. 70692-6-I |
| RICHARD ROY SCOTT. | DIVISION ONE |
| | UNPUBLISHED OPINION |
| | FILED: June 9, 2014 |

LEACH, J. — Richard Scott appeals the trial court's denial of his CR 60(b) motion. He claims that the rejection of the hebephilia diagnosis in the 2013 version of the Diagnostic and Statistical Manual of Mental Disorders[1] (DSM-V) constitutes newly discovered evidence and a change in the law and science. Scott argues that the court should vacate his stipulation to the criteria for commitment as a sexually violent predator because the parties based their stipulation upon a now invalid diagnosis of hebephilia that the psychiatric profession no longer accepts. Because Scott fails to show extraordinary circumstances entitling him to relief, we affirm.

---

[1] AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (5th ed. 2013).

## Background

In 1984, Scott was convicted of five counts of indecent liberties, a sexually violent offense, against victims 7, 8, 10, 12, and 13 years old. In 2001, he was convicted of third degree rape of a child.

On May 19, 2003, the day of Scott's scheduled release from prison, the State petitioned to commit Scott as a sexually violent predator. The court found probable cause to support this petition and detained Scott at the Special Commitment Center pending trial.

Dr. Richard Packard, a clinical and forensic psychologist, evaluated Scott to determine if he met the criteria for commitment as a sexually violent predator. Packard reviewed approximately 21,000 pages of records, including discovery materials from Scott and from the State, records from the Special Commitment Center, criminal records, prison records, medical and treatment records, previous psychological evaluations, and legal documents. Packard concluded that Scott met the diagnostic criteria "for two paraphilias": paraphilia, pedophilia—sexual attraction to prepubescent children—and paraphilia not otherwise specified (NOS) (hebephilia)—sexual attraction to pubescent children. Packard also determined that Scott met the diagnostic criteria for personality disorder NOS with antisocial, narcissistic, and histrionic features; bipolar I disorder most recent episode unspecified, without interepisode recovery; somatization disorder; alcohol abuse, by history in full remission; and malingering. Finally, Packard

concluded "that Mr. Scott is more likely than not to continue to engage in predatory acts of sexual violence if not confined to a secure facility."

Dr. Brian Judd also evaluated Scott. He reviewed over 17,997 pages of discovery from the joint forensic unit, the Special Commitment Center, Scott, and the State. He also reviewed criminal records, prison records, medical and treatment records, previous psychological evaluations, and legal documents. Judd opined that Scott met the diagnostic criteria for pedophilia, sexually attracted to males, nonexclusive type; alcohol abuse (by history); and personality disorder NOS with antisocial and narcissistic traits. He concluded that Scott "constitutes a high risk for sexually violent and violent recidivism." In their reports, both experts cited the definition of "paraphilia" stated in the fourth edition of the DSM (DSM-IV).[2]

On November 6, 2007, the first day of Scott's scheduled trial, he stipulated to meeting the criteria for commitment as a sexually violent predator and that he had a prior conviction for a sexually violent offense. He also stipulated,

> 9. Respondent suffers from the following mental abnormality and/or personality disorders: Paraphilia Pedophilia, Paraphilia Not Otherwise Specified (Hebephilia), Personality Disorder, Not Otherwise Specified, with Antisocial, Narcissistic, and Histrionic Features.
> 10. These mental abnormalities and personality disorders, together or separately, make it seriously difficult for him to control his behavior such that it makes him more likely than not to commit further acts of predatory sexual violence if he is not confined in a secure facility.

---

[2] AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS: DSM-IV-TR (4th rev. ed. 2000).

The court ordered Scott committed as a sexually violent predator.

On June 5, 2013, Scott filed a "CR 60(b) Motion for Release Order."[3] He claimed that his stipulation was void because of a "Change in Science." Scott alleged that his stipulation relied upon the then-current version of the DSM, DSM-IV, but that the DSM-V, published in May 2013, "[i]n very strong words they clearly reject ted [sic] the use of 'NOS.' 'And Hebaphilia' [sic]. And [s]o narrowly defined pedophilia, so that it could not possibly be applied to Scott." Scott contended that he "never me[t] the statutory criteria from day one. Even the petition itself has now been proven to have relied on the bogus diagnoses of pedophilia and hebaphilia [sic]." The only evidence that Scott provided to support his motion was an article from the magazine Psychology Today.

The trial court denied this motion "[i]n accordance with the holdings of In re [Personal Restraint] of Young, 122 Wn.2d 1, 857 P.2d 989 (1993), and In re the Detention of Berry, 160 [Wn.] App. 374, 248 P.3d 592 (2011)." On its order, the court wrote, "The Respondent has not demonstrated that legally or psychologically . . . his case should be dismissed. Even were this Court to take judicial notice of the DSM V, it is not clear how it affects his commitment, his stipulation or his underlying conviction."

Scott appeals.

---

[3] Scott's original motion cited no specific subsection of CR 60(b). In his reply, he cites CR 60(b)(11) as the basis for his motion.

Analysis

Scott claims that "a change in the law and science" entitles him to withdraw his stipulation.[4] We review a trial court's denial of a CR 60(b) motion for manifest abuse of discretion.[5] A trial court abuses its discretion when its decision is manifestly unreasonable or made on untenable grounds or for untenable reasons.[6] A court also abuses its discretion if it bases its decision on an erroneous view of the law.[7]

Unlike an appeal, a CR 60(b) motion does not provide a means for correcting errors of law in an underlying order.[8] Accordingly, when a party appeals the trial court's denial of a CR 60(b) motion, we review only the trial

---

[4] For the first time on appeal, Scott argues that the "change in science" constitutes newly discovered evidence for the purposes of CR 60(b)(3). Because he did not raise this particular provision below, he cannot raise it now. In re Marriage of Wherley, 34 Wn. App. 344, 348, 661 P.2d 155 (1983) (citing Cameron v. Downs, 32 Wn. App. 875, 882, 650 P.2d 260 (1982)). Even if we considered this argument, a party must bring a CR 60(b)(3) motion within a reasonable time and within one year of entry of the judgment. CR 60(b); see Luckett v. Boeing Co., 98 Wn. App. 307, 310, 989 P.2d 1144 (1999). Because Scott failed to file his motion within one year of the entry of the judgment, he cannot seek relief under CR 60(b)(3).

[5] Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000) (citing In re Guardianship of Adamec, 100 Wn.2d 166, 173, 667 P.2d 1085 (1983)); In re Det. of Mitchell, 160 Wn. App. 669, 675, 249 P.3d 662 (2011) (citing Highland, 142 Wn.2d at 156).

[6] Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006) (citing Associated Mortg. Investors v. G.P. Kent Constr. Co., 15 Wn. App. 223, 229, 548 P.2d 558 (1976)).

[7] Mayer, 156 Wn.2d at 684 (citing State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

[8] Burlingame v. Consol. Mines & Smelting Co., 106 Wn.2d 328, 336, 722 P.2d 67 (1986) (citing State v. Keller, 32 Wn. App. 135, 140, 647 P.2d 35 (1982)).

court's decision to deny the motion, not the underlying order that the party seeks to vacate.[9]

CR 60(b) allows a trial court to vacate a final judgment or order for specified reasons such as mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. Scott based his motion on CR 60(b)(11), which authorizes a trial court to vacate an order for "[a]ny other reason justifying relief from the operation of the judgment." This court will vacate an order under CR 60(b)(11) only if the case involves extraordinary circumstances that "constitute irregularities extraneous to the proceeding."[10] A defendant can move to vacate an order under CR 60(b)(11) only when his circumstances do not permit him to move under another subsection of CR 60(b).[11]

Chapter 71.09 RCW authorizes the involuntarily commitment of a sexually violent predator.[12] A sexually violent predator is "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility."[13] A "mental abnormality" is "a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to the commission

---

[9] Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980).

[10] In re Det. of Ward, 125 Wn. App. 374, 379, 104 P.3d 751 (2005) (citing In re Marriage of Knies, 96 Wn. App. 243, 248, 979 P.2d 482 (1999)).

[11] Ward, 125 Wn. App. at 379 (citing In re Marriage of Thurston, 92 Wn. App. 494, 499, 963 P.2d 947 (1998); Shum v. Dep't of Labor & Indus., 63 Wn. App. 405, 408, 819 P.2d 399 (1991)).

[12] Ward, 125 Wn. App. at 376 (citing RCW 71.09.010).

[13] Former RCW 71.09.020(16) (2006).

of criminal sexual acts in a degree constituting such person a menace to the health and safety of others."[14]

Scott alleges,

> The hebephelia diagnosis was not explicitly included in the fourth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM). Since 2007, the diagnostic validity of hebephilia (and, paraphilia NOS (hebephilia)) has been subject to significant debate. Hebephelia was considered but rejected for inclusion in the 2013 DSM-V.
>
> Within weeks of the DSM-V release, Mr. Scott moved pro se under Civil Rule 60(b) for relief from the indefinite commitment order. Mr. Scott argued that his stipulation and the State's petition were based on the then-current version of the DSM, the DSM-IV, but that the just-released DSM-V constitutes a significant change in the law and demonstrates the invalidity of his initial commitment.

Scott contends, "At the time of the stipulation, the hebephelia diagnosis relied upon unforeseen vagueness in the then-current DSM-IV that had not been subject to debate or peer review because it was an unanticipated use of the DSM diagnostic categories."

Scott relies upon In re Detention of Ward,[15] in which the court stated, "In rare circumstances, a change in the law may create extraordinary circumstances, satisfying CR 60(b)(11)." But Scott fails to demonstrate a change in the law since his stipulation that would affect his stipulation or his commitment.

---

[14] RCW 71.09.020(8). The version of RCW 71.09.020 in effect at the time of Scott's commitment did not define "personality disorder."

[15] 125 Wn. App. 374, 380, 104 P.3d 751 (2005).

In Kansas v. Crane,[16] the United States Supreme Court explained that states have considerable leeway in defining the personality disorders and mental abnormalities that make an individual eligible for commitment. The Court stated, "[T]he science of psychiatry, which informs but does not control ultimate legal determinations, is an ever-advancing science, whose distinctions do not seek precisely to mirror those of the law."[17]

In Young, our Supreme Court rejected the argument that a diagnosis of paraphilia NOS (nonconsent) was invalid because it did not appear in the then-current edition of the DSM:

> "In using the concept of 'mental abnormality' the legislature has invoked a more generalized terminology that can cover a much larger variety of disorders. Some, such as the paraphilias, are covered in the DSM–III–R; others are not. The fact that pathologically driven rape, for example, is not yet listed in the DSM–III–R does not invalidate such a diagnosis. The DSM is, after all, an evolving and imperfect document. Nor is it sacrosanct. Furthermore, it is in some areas a political document whose diagnoses are based, in some cases, on what American Psychiatric Association ('APA') leaders consider to be practical realities. What is critical for our purposes is that psychiatric and psychological clinicians who testify in good faith as to mental abnormality are able to identify sexual pathologies that are as real and meaningful as other pathologies already listed in the DSM."[18]

---

[16] 534 U.S. 407, 413, 122 S. Ct. 867, 151 L. Ed. 2d 856 (2002) (citing Kansas v. Hendricks, 521 U.S. 346, 359, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997); Hendricks, 521 U.S. at 374-75 (Breyer, J., dissenting)).

[17] Crane, 534 U.S. at 413 (citing Hendricks, 521 U.S. at 359).

[18] Young, 122 Wn.2d at 28 (quoting Alexander D. Brooks, The Constitutionality and Morality of Civilly Committing Violent Sexual Predators, 15 U. Puget Sound L. Rev. 709, 733 (1992)).

We reiterated this holding in Berry.[19] Thus, inclusion in the DSM is not definitive for diagnosing a mental illness for the purposes of commitment, and the DSM is not Washington law. Because Scott fails to show a change in Washington law since he stipulated to the criteria for commitment as a sexually violent predator, his argument fails.

Even if we accept Scott's assertion that the "diagnostic validity of hebephilia" has changed since his stipulation, he cites no authority establishing that this change in science creates "extraordinary circumstances" entitling him to withdraw his stipulation. He presents no facts showing that he no longer poses a risk to others if not confined in a secure facility or that his condition has changed such that he no longer meets the criteria for confinement.

Scott stipulated that he suffered from paraphilia pedophilia, paraphilia NOS (hebephilia), personality disorder NOS with antisocial, narcissistic, and histrionic features. He stipulated that these diagnoses "together or separately" were sufficient to meet the criteria for a sexually violent predator. Even if hebephilia were an invalid diagnosis, Washington courts have recognized the other diagnoses to which he stipulated as a sufficient basis for commitment as a sexually violent predator.[20]

---

[19] Berry, 160 Wn. App. at 380-81.

[20] See In re Det. of Morgan, No. 86234-6, 2014 WL 1847790 (Wash. May 8, 2014) (involuntary commitment where defendant met diagnostic criteria for paraphilia, pedophilia, and antisocial personality disorder); State v. McCuistion, 174 Wn.2d 369, 275 P.3d 1092 (2012) (involuntary commitment where defendant met diagnostic criteria for paraphilia NOS, pedophilia, and antisocial personality disorder), cert. denied, 133 S. Ct. 1460 (2013).

In Scott's reply to the State's opposition to his CR 60(b) motion, he also asserted that he stipulated under "the mistaken belief that the diagnoses given to Scott were valid and would meet the requirements of Frye v. United States, 293 F. 1013, 34 A.L.R. 145 (D.C. Cir. 1923)." Because he raised this argument for the first time in his reply and he does not argue it in his brief, we do not review it.[21] Even if we were to consider this challenge, we held in Berry that testimony from a psychologist or a psychiatrist about a sex offender's mental illness or abnormality is not subject to Frye.[22]

## Conclusion

Because Scott fails to demonstrate a change in Washington law or a change in science creating extraordinary circumstances entitling him to withdraw his stipulation to the criteria for commitment as a sexually violent predator, the trial court did not abuse its discretion when it dismissed his CR 60(b) motion. We affirm.

_Leach, J._

WE CONCUR:

_Spearman, C.J._        _Becker, J._

---

[21] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Joy v. Dep't of Labor & Indus., 170 Wn. App. 614, 629, 285 P.3d 187 (2012) (quoting West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012)), review denied, 176 Wn.2d 1021 (2013).

[22] Berry, 160 Wn. App. at 379-80.