# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

MARLOW TODD EGGUM,      )     No. 72194-1-I

Appellant,      )

and      )

JANICE GRAY-EGGUM,      )     UNPUBLISHED OPINION

Respondent.      )     FILED: October 3, 2016

VERELLEN, C.J. — When Janice Gray-Eggum and Marlow Eggum dissolved their marriage, the trial court entered a final decree dividing their marital property. The final decree, however, apparently did not address certain videotapes portraying Gray-Eggum taken during the time of the marriage. Ultimately, the court entered an order on the use and ownership of the videotapes. The May 6, 2005 order expressly states in part:

> Janice Gray is hereby awarded any and all property held by the Whatcom County Sheriff's Department that contains images of herself.
>
> . . . .
>
> Any and all property held by the Whatcom County Sheriff's Department which do not contain any images of Janice Gray are hereby awarded to Mr. Eggum.
>
> . . . .
>
> As to the website, the Court finds that it is also a mechanism for Mr. Eggum to continue to utilize the property and images in an

inappropriate manner, and Mr. Eggum is permanently enjoined from using any image, the name, or anything else identified with Janice Gray without her express written consent on that website. Mr. Eggum may run a website, but if there is anything of Janice Gray on there, he is enjoined permanently on that, and can be sued for damages if he continues to do so.

Mr. Eggum may not disseminate or distribute *through any action of his own,* any image of Janice Gray on the internet.

Mr. Eggum is restrained and enjoined from doing all the things the Court has stated including facilitating and participating and/or encouraging any such actions by third parties.

Mr. Eggum may not work with anyone else, interact with anyone else, or act in anyway with anyone else to do any of the things that he is prohibited by the Court from doing.[1]

Nine years later, Eggum moved to vacate the order as void for lack of jurisdiction. He alternatively argued he was entitled to relief from the order under CR 60(b)(1) (mistake), (4) (fraud), and (11) (any other reason justifying relief from the operation of the judgment). The trial court denied Eggum's motion.

Eggum appeals.

The essence of Eggum's argument is that the May 6, 2005 order on its face purports to regulate his activities in Canada.[2] But on Eggum's motion to vacate, the trial court recognized in its oral ruling and minute entry that the May 6, 2005 order only limits his conduct in the state of Washington:

> The order is not void. The order is limited. The order's effect can only be limited to those areas that this court has jurisdiction over, and as you say, it's true that the court does not have jurisdiction over Canada, and I acknowledge that. Then this court's order is not effective

---

[1] Clerk's Papers (CP) at 9-10 (emphasis added).

[2] Eggum filed a reply brief that is untimely and fundamentally repeats his argument that the trial court has no jurisdiction over his Canadian business.

there. It's only effective as to you individually and within the [s]tate of Washington, and I hope that clarifies it as much as—and that's about as much as I can say to clarify it.[3]

It is clear that in entering the May 6, 2005 order on the use and ownership of the videotapes, the trial court had in personam jurisdiction over Eggum, along with subject matter jurisdiction over the dissolution decree, which included the distribution of the marital property.[4] It is also clear there was no mistake or fraud in entering the order. Finally, the circumstances here do not rise to the extraordinary circumstances required to vacate an order under CR 60(b)(11).[5]

It appears Eggum also challenges the trial court's failure to rule on his motion to clarify the ruling denying his motion to vacate. But Eggum did not designate his motion for clarification as part of the record on appeal. Therefore, the record is inadequate for review of this motion.[6]

---

[3] Report of Proceedings (RP) (May 26, 2015) at 14; CP at 53 ("Court informed parties that the order applies to the state of Washington and to Mr. Eggum's acts in the state of Washington."); see Goodman v. Darden, Doman & Stafford Assocs., 100 Wn.2d 476, 481, 670 P.2d 648 (1983) (where the trial court does not enter written findings of fact and conclusions of law, the panel may look to the trial court's oral opinion to clarify the basis for the trial court's ruling).

[4] As Eggum concedes, "In paragraph 1.7 of the Petition for Dissolution, Eggum admits (1) he currently lives in Washington state, (2) and had lived there while married, and (3) they conceived a child in Washington state." Appellant's Br. at 13.

[5] Shum v. Dep't of Labor & Indus., 63 Wn. App. 405, 408, 819 P.2d 399 (1991) (vacation of judgment is not proper under CR 60(b)(11) absent extraordinary circumstances relating to irregularities which are extraneous to the court's action or implicate the regularity of its proceedings).

[6] Regardless, at the end of the hearing on his motion to vacate a void order, Eggum acknowledged he was the prevailing party: "[Y]ou've denied the order. You're going to leave it in place, and I believe that at this point given what has been said, I'm the prevailing party here because you said, stated three times that it has no jurisdiction in Canada, and that was my only point that I wanted to make is if the petitioner in this case believes that somehow this order directs me to shut down my

No. 72194-1-I/4

Accordingly, we affirm.

_____

WE CONCUR:

_____

_____

_____

2016 OCT -3 AM 9:09
COURT OF APPEALS DIV
STATE OF WASHINGTON

Canadian business, they're sorely mistaken." RP (May 26, 2015) at 19. Therefore, to the extent the hearing on the motion to vacate does clarify the court's ruling, there is no issue on appeal.