IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>ALAINA LYNETTE OSTER, nka ZENDER,<br><br>                Respondent,<br><br>and<br><br>DAVID WILLIAM OSTER,<br><br>                Appellant. | No. 78977-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: June 17, 2019 |

SMITH, J. — A trial court's denial of a motion to vacate under CR 60(b) will not be overturned on appeal unless the court manifestly abused its discretion. Because David Oster did not present a prima facie defense on the merits or demonstrate excusable neglect, we hold that the trial court did not abuse its discretion in denying his motion to vacate. And we grant Alaina Zender's request for attorney fees on appeal.

## FACTS

Oster and Zender married and had a daughter. In 2009, when they dissolved their marriage, the trial court entered a final parenting plan and order for child support. In 2011, the trial court modified the parenting plan, allowing Zender and her daughter to relocate to Oregon.

In November 2017, Zender, her daughter, and Zender's husband relocated to Bellingham and Zender petitioned to modify the 2011 parenting plan

and child support order. On November 16, 2017, Zender filed and served Oster with a Summons and a Petition to Change a Parenting Plan, Residential Schedule or Custody Order. The documents served on Oster included a letter from Zender's counsel informing Oster that if he did not agree with or respond to the proposed modifications within 10 days, Zender would note a motion for adequate cause and schedule a hearing for temporary orders:

> If you are in agreement with the proposed modification of the parenting plan and child support, please sign the proposed Agreed Final Parenting Plan, Agreed Order on Adequate Cause, Agreed Findings and Final Order on Modification, and Agreed Final Order of Child Support with worksheets, and return those signed original documents to me. We will then file the originals and provide you with a conformed copy.

> If you are not in agreement, please respond with your proposal and/or documentation to verify your position no later than 10 days from receipt of this letter. If I do not hear from you, I will make arrangements to note a motion for adequate cause and schedule a hearing for temporary orders.

Oster did not respond to the letter or file an appearance in the trial court.

Rather than noting a motion for adequate cause or scheduling a hearing for temporary orders, Zender moved for default against Oster on December 13, 2017. The trial court granted the motion and entered Zender's proposed child support order and parenting plan.

Oster learned of the default orders in April 2018 and directed his attorney to ask Zender to vacate the orders. On May 16, 2018, Oster filed a petition to modify the child support order. The parties agreed to mediate their disputes during the summer of 2018, but mediation was not successful.

On September 5, 2018, Oster moved to vacate the default orders under CR 60(b)(1) and (11). The trial court denied his motion, finding that "[t]here was no excusable neglect or other reason to vacate the orders entered." Oster appeals.

## MOTION TO VACATE

Oster asserts that the default judgment should be vacated under CR 60(b)(1) and (11). We disagree.

We review a decision granting a motion to vacate under CR 60(b) for abuse of discretion. Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999). The trial court abuses its discretion when its decision is based on untenable grounds or reasoning. Luckett, 98 Wn. App. at 309-10. An abuse of discretion also occurs when the trial court bases its ruling on an erroneous view of the law. In re Marriage of Shortway, 4 Wn. App. 2d 409, 418, 423 P.3d 270 (2018).

CR 60(b) allows a court to relieve a party from a final judgment or order due to:

> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order; [or]
> . . . .
> (11) Any other reason justifying relief from the operation of the judgment.

Default judgments are generally disfavored because the law favors determination of controversies on their merits. Akhavuz v. Moody, 178 Wn. App. 526, 532, 315 P.3d 572 (2013). "'But we also value an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of

3

the court to decide their cases and comply with court rules.'" Akhavuz, 178 Wn. App. at 532 (quoting Little v. King, 160 Wn.2d 696, 703, 161 P.3d 345 (2007)). "When balancing these competing policies, the fundamental principle is whether or not justice is being done." Akhavuz, 178 Wn. App. at 532.

In White v. Holm, 73 Wn.2d 348, 438 P.2d 581 (1968), our Supreme Court set forth four factors a trial court should consider when determining whether a default judgment should be vacated:

> (1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.

White, 73 Wn.2d at 352. Factors one and two are primary, while factors three and four are secondary. White, 73 Wn.2d at 352. And, the factors are interdependent. Norton v. Brown, 99 Wn. App. 118, 124, 992 P.2d 1019 (1999), 3 P.3d 207. The strength of the showing on each factor affects the showing needed on the other factors. Norton, 99 Wn. App. at 124. The defendant bears the burden to demonstrate that the White factors are satisfied. White, 73 Wn.2d at 352.

With regard to the first White factor, a party moving to vacate a default judgment must show substantial evidence, generally in the form of affidavits, supporting at least a prima facie defense. White, 73 Wn.2d at 352; VanderStoep v. Guthrie, 200 Wn. App. 507, 519, 402 P.3d 883 (2017), review denied, 189 Wn.2d 1041 (2018). The trial court examines the evidence of the defense in the

light most favorable to the moving party. Ha v. Signal Elec., Inc., 182 Wn. App. 436, 449, 332 P.3d 991 (2014). But allegations, conclusory statements, and speculation are insufficient to support a prima facie defense. VanderStoep, 200 Wn. App. at 519. "The defendant must present 'concrete facts' that support a defense." VanderStoep, 200 Wn. App. at 519 (quoting Ha, 182 Wn. App. at 449).

Here, the motion to vacate the default judgments alleged:

> Mr. Oster has defenses to Ms. Zender's petition. Ms. Zender sought to reduce Mr. Oster's parenting time without justification. She cannot show the necessary change in circumstances justifying a reduction of Mr. Oster's parenting time. Further, Mr. Oster did not and does not have the income from employment the default orders assumed he had. He lost his high paying job as an airline pilot and his only income is unemployment benefits.

Oster also submitted a declaration in support of the motion, which states in relevant part:

> I would like the court to know that the default Parenting Plan that was entered reduces my parenting time with my daughter without any justification. I believe that I will be able to successfully oppose the Petition to modify the Parenting Plan if given the opportunity because there are insufficient facts that justify reducing my time.
> Furthermore, the default Child Support Order . . . was entered on the assumption that I was continuing to earn significant income as an airline pilot. I lost my job and the income that went with it and am currently receiving unemployment benefits. Unemployment income is substantially lower than the income set forth in the Child Support Order.

Even taken in the light most favorable to Oster, these allegations do not constitute substantial evidence of a prima facie defense. Despite his allegation that Zender cannot show a change in circumstances and that insufficient facts justify reducing his time, he does not specify what facts were required or why there was no change in circumstances. Additionally, although he testifies that he

5

lost his job and now receives unemployment benefits, he does not provide any documentation explaining how much he receives in benefits or when he became unemployed. Without more concrete facts, these are just conclusory statements that do not support a prima facie defense.

As to the second White factor, Oster argues that his neglect was excusable and based on Zender's attorney's deceit. Even assuming that Oster's motion could succeed without substantial evidence of a prima facie defense, the trial court did not abuse its discretion in determining that there was no excusable neglect. Arguably, the letter from Zender's counsel was misleading because it advised Oster that if he did not respond, Zender would note a motion for adequate cause and schedule a hearing for temporary orders. Instead, Zender moved for default. But the summons clearly states that Oster must respond to the court in writing within 20 days of service. And Zender's response to the motion to vacate describes many instances where Oster previously represented himself in court proceedings, including filing a notice of appearance in the dissolution. For these reasons, the trial court did not abuse its discretion in determining that Oster's failure to respond to the summons in this proceeding was not excusable neglect. And because Oster did not demonstrate a prima facie defense or excusable neglect, we need not address the remaining White factors.

Oster's briefing includes a numbered list of cases that he argues "weigh in favor of reversal." But he does not explain why any of the cases cited show that the trial court abused its discretion in this case. Accordingly, we decline to

address these cases. See Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

Finally, the trial court did not abuse its discretion by denying Oster's motion to vacate on CR 60(b)(11) grounds. Vacation of judgment is not proper under CR 60(b)(11) absent extraordinary circumstances relating to irregularities that are extraneous to the court's action or implicate the regularity of its proceedings. Shum v. Dep't of Labor & Indus., 63 Wn. App. 405, 408, 819 P.2d 399 (1991). Oster did not allege any extraordinary or unusual circumstances, nor did he allege any irregularity. Therefore, Oster's argument that the orders should be vacated under CR 60(b)(11) is unpersuasive. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument.").

## ATTORNEY FEES

Zender requests attorney fees under RAP 18.1 and RCW 26.09.140. We grant her request and award her attorney fees on appeal.

RAP 18.1 allows this court to grant a party reasonable attorney fees or expenses if an applicable statute permits. RCW 26.09.140 states that after considering both parties' financial resources, the court may award reasonable attorney fees. An award of attorney fees and costs may be granted in an appellate court's discretion under RCW 26.09.140. In evaluating such a request, "courts will consider 'the parties' relative ability to pay' and 'the arguable merit of the issues raised on appeal.'" In re Marriage of Muhammad, 153 Wn.2d 795,

7

No. 78977-5-I/8

807, 108 P.3d 779 (2005) (quoting In re Marriage of Leslie, 90 Wn. App. 796, 807, 954 P.2d 330 (1998)).

Here, according to her financial declaration, Zender has limited monthly net income. Because Zender's arguments on appeal have merit and she has established financial need, we grant her attorney fees and costs on appeal, subject to her compliance with RAP 18.1.

We affirm.

WE CONCUR:

8