[No. 7750-3-I. Division One. February 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. WILBUR G. HALLAUER, ET AL, *Appellants,* RONALD SEWER DISTRICT, ET AL, *Respondents.*

*Mansfield & Thomas* and *R. E. Mansfield,* for appellants.

*Slade Gorton, Attorney General,* and *Scott Neilson, Assistant,* for respondents.

CALLOW, J.—This is an appeal from an action commenced by the State of Washington on January 26, 1979, to condemn for highway purposes a tract of land owned by the Hallauers, which was accompanied by an offer of $503,880 as just compensation. On February 7, 1979, the owners stipulated to immediate possession and use. On April 30, 1979, the parties entered into a stipulated judgment which determined just compensation to be $539,200, but made no provision for interest. The State paid the principal amount of the judgment on June 7, 1979. Thereafter the Hallauers

moved for an allowance of interest from February 7, 1979, the date of immediate use and possession, to June 7, 1979, the date of deposit. The motion was denied and this appeal followed.

The Hallauers raise two issues: (1) whether the trial court erred in denying an allowance of interest from the date the owners stipulated to immediate possession to the date of the stipulated judgment; and (2) whether the trial court erred in denying interest from the date of entry of the judgment to the date of deposit.

Initially, the Hallauers contend their right to interest pursuant to RCW 8.04.090 and .092 was established from the day the State became entitled to possession, *i.e.,* February 7, 1979, to the date of the judgment on April 30, 1979. Generally, the State is not liable for interest unless it has placed itself expressly, or by a reasonable construction of a contract or statute, in a position of liability. *Architectural Woods, Inc. v. State,* 92 Wn.2d 521, 598 P.2d 1372 (1979); *Bond v. State,* 70 Wn.2d 746, 425 P.2d 10 (1967); *Renton v. Scott Pac. Terminal, Inc.,* 9 Wn. App. 364, 512 P.2d 1137 (1973). *See also* Annot., 24 A.L.R.2d 928 (1952). The statutes which expressly subject a governmental authority with the power of eminent domain to liability for interest are RCW 8.04.090, 8.04.092 and 8.28.040, which provide in relevant part:

> In case the state shall require immediate possession and use of the property sought to be condemned, and an order of necessity shall have been granted, and no review has been taken therefrom, the attorney general may stipulate with respondents in accordance with the provisions of this section and RCW 8.04.092 and 8.04.094 for an order of immediate possession and use, and file with the clerk of the court wherein the action is pending, a certificate of the state's requirement of immediate possession and use of the land, which shall state the amount of money offered to the respondents and shall further state that such offer constitutes a continuing tender of such amount. . . . The court without further notice to respondent shall enter an order granting to the state the immediate possession and use of the property described

in the order of necessity, which order shall bind the petitioner to pay the full amount of any final judgment of compensation and damages which may thereafter be awarded for the taking . . . The moneys paid into court may at any time after entry of the order of immediate possession, be withdrawn by respondents, by order of the court, as their interests shall appear.

RCW 8.04.090.

The amount paid into court shall constitute just compensation paid for the taking of such property: *Provided,* That respondents may, in the same action, request a trial for the purpose of assessing the amount of compensation to be made and the amount of damages arising from the taking. In the event that, pursuant to such hearing, the verdict of the jury, unless a jury be waived by all parties, or decision of the court, *shall award respondents an amount in excess of the tender, the court shall order such excess paid to respondents with interest thereon from the time of the entry of the order of immediate possession, and shall charge the costs of the action to the state.*

(Some italics ours.) RCW 8.04.092.

Whenever in any eminent domain proceeding, heretofore or hereafter instituted for the taking or damaging of private property, a verdict shall have been returned by the jury, or by the court if the case be tried without a jury, fixing the amount to be paid as compensation for the property so to be taken or damaged, such verdict shall bear interest at the rate of six percent per annum from the date of its entry to the date of payment thereof:
. . .

RCW 8.28.040.

 As stated in *State v. Lacey,* 84 Wn.2d 33, 37, 524 P.2d 1351 (1974):

The apparent purpose of [RCW 8.04.090–.092] was to make it advantageous to the owner to consent to the early loss of his property in return for receipt of interest on the State's offer prior to the verdict and judgment.

These statutes follow the doctrine that interest is allowable in an action for eminent domain and starts to run from

·the time possession of the property actually was taken. *In re Anacortes,* 81 Wn.2d 166, 500 P.2d 546 (1972); *Smith-rock Quarry, Inc. v. State,* 60 Wn.2d 387, 374 P.2d 168 (1962); *Decker v. State,* 188 Wash. 222, 62 P.2d 35 (1936).

In *PUD 1 v. Washington Water Power Co.,* 20 Wn.2d 384, 387–88, 147 P.2d 923 (1944), the court quoted the following language with approval from 2 J. Lewis, *Eminent Domain* § 742 (3d ed. 1909):

> [T]he estimating and payment of the compensation should be concurrent with the taking. . . . As his just compensation is withheld from him, though necessarily, he should have an equivalent for such withholding, and that, in law, is legal interest. . . .

In the instant case, interest became payable as of February 7, 1979, the date the Hallauers stipulated to the State's immediate use and possession of the property.

The State contends that the stipulation was ineffective since it was not filed nor the tender offer deposited. We disagree. In signing the stipulation, the Hallauers relinquished the right to the use and possession of the property pending a decree of appropriation. The State was then entitled to use the property in any manner it deemed appropriate. In *In re Anacortes, supra* at 168–69, the court held:

> Under the stipulations, the city was entitled to immediate possession as if a decree of appropriation had been entered on the date of the stipulations. Whether the city did or did not exercise its right to possession as given by the stipulations was its election. The condemnees had contractually given up the right to retain possession pending a decree of appropriation. We agree with the observation of the Supreme Court of Idaho which, after a review of the issue, stated:
>
> > The correct rule and the one which is supported by the overwhelming weight of authority, is that the condemnee should be allowed interest upon the compensation and damages awarded from the time the condemnor either takes possession, or becomes entitled to possession, of the property.

*Independent School Dist. v. C.B. Lauch Constr. Co.,* 78 Idaho 485, 493, 305 P.2d 1077 (1957). *Also see Snowden v. Shelby County,* 118 Tenn. 725, 102 S.W. 90 (1907).

The State could have filed the stipulation for immediate use and possession and deposited its tender offer with the court. It did not do so and thereby lost the claim to be obligated only for interest on the excess of the amount tendered. RCW 8.04.092. In that circumstance, the Hallauers would have been entitled to withdraw the funds tendered and would not have had a right to receive interest from the State. Since the State elected not to file the stipulation nor deposit the tender offer, however, it became obligated to pay interest on the entire amount of the judgment between the date the stipulation for immediate use and possession was signed and the date final judgment was entered.

The Hallauers further argue that the provisions of RCW 8.28.040 provide interest from the date of the verdict or judgment to the date of deposit, and since the order was entered on April 30, and the State failed to tender payment until June 7, 1979, they are entitled to interest for that period. The State contends that the provisions of RCW 8.28.040 are not applicable because that statute contemplates a trial either to the court or a jury to determine just compensation, and in the instant case no such trial occurred by reason of the stipulated judgment.

We see no distinction between a stipulated judgment and the judgment contemplated by RCW 8.28.040. The purpose of the statute allowing interest is to provide compensation for a delay in payment of the award. *PUD 1 v. Washington Water Power Co., supra.* We hold that the statute is applicable whether a formal trial is held or not, and silence in the judgment does not deny the condemnee of the right to interest pursuant to the statutes. The appellants are entitled to interest on the entire award from April 30, 1979, to June 7, 1979.

The judgment is reversed, and the cause is remanded for the entry of judgment consistent herewith.

SWANSON and DURHAM, JJ., concur.