248 P.3d 83 (2011)
UNION ELEVATOR & WAREHOUSE COMPANY, INC., a Washington Corporation, Respondent,
v.
The STATE of Washington, by and through the DEPARTMENT OF TRANSPORTATION, Petitioner.
No. 83771-6.
Supreme Court of Washington, En Banc.
Argued January 13, 2011.
Decided February 17, 2011.
*85 Amanda G. Phily, Douglas D. Shaftel, Office of the Attorney General, Olympia, WA, for Petitioner.
Kevin W. Roberts, Dunn & Black, PS, Spokane, WA, for Respondent.
C. JOHNSON, J.
¶ 1 This case involves whether interest is allowable as part of an award of relocation assistance benefits under the relocation assistancereal property acquisition policy (Relocation Act), chapter 8.26 RCW. Division Three of the Court of Appeals held that Union Elevator was entitled to interest on its award of relocation assistance benefits because the Relocation Act impliedly waived the State's immunity from interest as part of the broad range of financial assistance available under the act. We hold that the Relocation Act cannot reasonably be construed to waive sovereign immunity for interest on relocation assistance awards and reverse the Court of Appeals.[1]

FACTS
¶ 2 During the 1990s, the Department of Transportation (DOT) undertook a project to redesign and upgrade State Route 395. As a result of the DOT's project, Union Elevator lost feasible access to its grain elevator facility. In 1996, Union Elevator filed a complaint for inverse condemnation damages against the State. In January 2001, after Division Three of the Court of Appeals reversed summary judgment in the DOT's favor and remanded for trial, a jury awarded Union Elevator condemnation damages. Union Elevator & Warehouse Co. v. State, 96 Wash.App. 288, 980 P.2d 779 (1999) (Union Elevator I).
¶ 3 During this time, Union Elevator built a replacement grain elevator at another location. This new grain elevator was structurally different than the grain elevator at Union Elevator's original facility and required Union Elevator to purchase replacement equipment.
¶ 4 In May 2001, after the conclusion of Union Elevator's inverse condemnation action, Union Elevator submitted a claim to the DOT for relocation assistance benefits totaling nearly $337,000. The DOT denied the claim, contending that Union Elevator was not displaced. An administrative law judge *86 (ALJ) disagreed, ruling that Union Elevator was entitled to relocation assistance. In April 2004, the DOT agreed to pay $62,000 of Union Elevator's claim but rejected the $255,000 associated with purchasing replacement equipment to operate the new grain elevator. The DOT asserted that the equipment was a fixture of the original facility rather than Union Elevator's personal, movable property.
¶ 5 In April 2004, the claim proceeded to an adjudicative hearing. The ALJ concluded that Union Elevator was entitled to reimbursement for the expenses associated with installing equipment at the replacement site. The DOT filed for review, and the director of the DOT's environmental and engineering programs reversed the ALJ's decision. Union Elevator then sought review, and the superior court affirmed the DOT's final order.
¶ 6 In May 2008, seven years after Union Elevator initially filed a claim for relocation assistance benefits, Division Three of the Court of Appeals held that the expenses of relocating the equipment were compensable because the equipment was personal property. The Court of Appeals remanded to the superior court for a determination of damages. Union Elevator & Warehouse Co. v. State, 144 Wash.App. 593, 597, 183 P.3d 1097 (2008) (Union Elevator II). On remand, Union Elevator requested seven years of interest on the award of relocation assistance. The superior court denied Union Elevator's request.
¶ 7 On Union Elevator's appeal, Division Three reversed the superior court and held that interest may accrue on relocation assistance awards. Union Elevator & Warehouse Co. v. State, 152 Wash.App. 199, 202, 215 P.3d 257 (2009) (Union Elevator III). In its reasoning, the appellate court "harmonized" the statutory provisions controlling awards of interest in eminent domain actions, RCW 8.04.092 and RCW 8.28.040, with the statute authorizing relocation assistance benefits, RCW 8.26.035. Union Elevator III, 152 Wash.App. at 206-08, 215 P.3d 257. The Court of Appeals concluded that "the legislature considered [relocation] benefits part of the compensation and damages owed to a condemnee." Union Elevator III, 152 Wash. App. at 208, 215 P.3d 257.

ISSUE
¶ 8 Whether Union Elevator is entitled, under the Relocation Act, chapter 8.26 RCW, to interest on its relocation assistance award.

ANALYSIS
¶ 9 The availability of statutory remedies is determined from the language utilized in the statutory scheme. As a general principle, under the doctrine of sovereign immunity, the State is not liable for interest on its obligations unless it has placed itself expressly, or by reasonable construction of a contract or statute, in a position of attendant liability. State v. Hallauer, 28 Wash.App. 453, 455, 624 P.2d 736 (1981); Architectural Woods, Inc. v. State, 92 Wash.2d 521, 526, 598 P.2d 1372 (1979). It is well established that the State has expressly waived immunity from interest in condemnation proceedings under RCW 8.04.092. See, e.g., Hallauer, 28 Wash.App. at 455, 624 P.2d 736. However, whether the State has waived immunity from interest under the Relocation Act is the question before us.
¶ 10 Whether the legislature has abrogated the DOT's sovereign immunity by statute is a question of statutory interpretation, which we review de novo. See Locke v. City of Seattle, 162 Wash.2d 474, 480, 172 P.3d 705 (2007) (citing Berrocal v. Fernandez, 155 Wash.2d 585, 590, 121 P.3d 82 (2005)). Our primary duty in interpreting the relocation benefits statute, RCW 8.26.035, is to discern and implement the intent of the legislature. Nat'l Elec. Contractors Ass'n v. Riveland, 138 Wash.2d 9, 19, 978 P.2d 481 (1999). When analyzing statutory language our inquiry primarily focuses on the words used in the statute. The plain language of a statute may be determined "`from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question.'" State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003) (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 11, 43 P.3d 4 (2002)). But if the *87 plain language of the statute exhibits just one meaning, the legislative intent is apparent and we will not construe the statute otherwise. J.P., 149 Wash.2d at 450, 69 P.3d 318 (citing State v. Wilson, 125 Wash.2d 212, 217, 883 P.2d 320 (1994)).
¶ 11 The Relocation Act does not contain any express provision for interest on awards of relocation assistance benefits. RCW 8.26.035,[2] the statute applicable here to Union Elevator's award of relocation assistance benefits, requires the State to pay allowances for moving expenses, personal property losses incurred from the discontinuation of business, costs associated with searching for a replacement business, and expenses necessary to reestablish a displaced business at a new site. See RCW 8.26.035(1)(a)-(d). These allowances are required "[w]henever a program or project to be undertaken by a displacing agency will result in the displacement of any person." RCW 8.26.035(1). Based on the statutory language, the award is not limited to those people physically displaced as a result of a condemnation action. Instead, the statute provides relocation assistance awards to all displaced persons, including fee owners or tenants, forced to relocate due to an eminent domain taking or a negotiated sale of land. While RCW 8.26.035 enumerates several categories of compensable expenses available for those displaced by State projects, the statute does not expressly include interest on awards as a recoverable expense. Therefore, the question becomes whether the legislature has impliedly waived the State's sovereign immunity.
¶ 12 In this case, the Court of Appeals found an implied waiver of sovereign immunity on awards of relocation assistance benefits primarily by looking to two statutes located outside the Relocation ActRCW 8.04.092 and RCW 8.28.040, both of which address eminent domain actions. RCW 8.04.092 states:
The amount paid into court shall constitute just compensation paid for the taking of such property: PROVIDED, That respondents may, in the same action, request a trial for the purpose of assessing the amount of compensation to be made and the amount of damages arising from the taking.

(Emphasis added.) The Court of Appeals reasoned that RCW 8.04.092 contemplates including additional damages beyond the base amount of just compensation awarded for the taking. The Court of Appeals also looked to RCW 8.28.040, which states:
Whenever in any eminent domain proceeding. . . instituted for the taking or damaging of private property, a verdict shall have been returned . . . fixing the amount to be paid as compensation for the property . . . such verdict shall bear interest at the maximum rate of interest permitted.

(Emphasis added.) The Court of Appeals reasoned that these two eminent domain statutes illustrate "the legislature's recognition that damages in condemnation proceedings may encompass more than the market value of the property" and allow recovery for "all compensable damages flowing from the condemnation action, not just compensation for the physical taking of property." Union Elevator III, 152 Wash.App. at 206-07, 215 P.3d 257. Essentially, the Court of Appeals found an implied waiver of sovereign immunity for interest on relocation assistance awards by interpreting the relocation assistance *88 statute, RCW 8.26.035, in accordance with these two eminent domain statutes.
¶ 13 The Court of Appeals also found that the stated purpose of the Relocation Act further supported finding an implied waiver. The act was, in part, intended
[t]o establish a uniform policy for the fair and equitable treatment of persons displaced as a direct result of public works programs . . . in order that such persons shall not suffer disproportionate injuries. . . and to minimize the hardship of displacement on such persons.
RCW 8.26.010(1)(a).
¶ 14 The DOT presents two primary arguments challenging the Court of Appeals' decision. First, the DOT argues that the cases recognizing an implied waiver of sovereign immunity are limited to situations where the State entered into a contract with a private party. For support, the DOT relies upon Architectural Woods, 92 Wash.2d 521, 598 P.2d 1372. Second, the DOT argues that the Court of Appeals' decision improperly incorporates relocation assistance awards into the just compensation constitutionally required in condemnation actions.
¶ 15 The DOT argues that Architectural Woods, 92 Wash.2d 521, 598 P.2d 1372, prevents finding an implied waiver of sovereign immunity. In Architectural Woods, a state college stipulated to a judgment on the balance outstanding under a construction contract. The trial court denied the plaintiff pre- and postjudgment interest on the ground that such an award was barred by sovereign immunity. We reversed and held that the State impliedly waived sovereign immunity when the legislature statutorily authorized state colleges to enter into construction contracts with private parties. After reviewing our prior sovereign immunity cases, we noted, "It is our opinion that the consent to liability for interest . . . can be an implied consent, and is not limited to the express statutory or contractual consent, which was required by subsequent cases." Architectural Woods, 92 Wash.2d at 526, 598 P.2d 1372. Although the statute authorizing state colleges to contract did not expressly permit causes of action against the State, the statute specifically authorized the State to contract with private parties. Because the State was acting in a private capacity, we reasoned that the statute impliedly held the State to "the same responsibilities and liabilities as [a] private party, including liability for interest." Architectural Woods, 92 Wash.2d at 526-27, 598 P.2d 1372.
¶ 16 While the DOT is correct that the holding of Architectural Woods was premised on the specific facts of that casei.e., a contractnothing in our analysis in Architectural Woods can be construed as exclusively limiting a finding of an implied waiver of sovereign immunity to contractual situations. Subsequent cases applying Architectural Woods have not embraced the DOT's narrow construction of the Architectural Woods holding.[3] And we need not do so here.
¶ 17 Conversely, Union Elevator argues that our decisions in Sintra, Inc. v. City of Seattle, 131 Wash.2d 640, 935 P.2d 555 (1997), and Smoke v. City of Seattle, 132 Wash.2d 214, 937 P.2d 186 (1997), compel finding an implied waiver of sovereign immunity under the Relocation Act.
¶ 18 In Sintra, we determined that municipalities were not immune from paying prejudgment interest in the context of temporary regulatory takings. Sintra, 131 Wash.2d at 655-58, 935 P.2d 555. Starting from the premise that conventional eminent domain proceedings require the payment of just compensation under our state constitution, we did not accept the city's argument that municipalities are generally immune from prejudgment interest. We reasoned that the interest awarded for temporary regulatory takings was not prejudgment interest, *89 but a "part of the damages . . . required as part of just compensation." Sintra, 131 Wash.2d at 657, 935 P.2d 555. To put it another way, the prejudgment interest in Sintra was not interest in the traditional sense, but part of the constitutional just compensation required to put the property owner in the same position he or she would have been had the taking not occurred. Since the amount at issue was a component of just compensation and not an award of interest, the Sintra court did not address the city's sovereign immunity claim. In this case, Union Elevator's relocation assistance award was statutorily authorized according to the terms established in the Relocation Act. Indeed, there is no constitutional mandate requiring the State to provide relocation assistance awards. Since relocation assistance awards are derived from statute, and not from the state constitution, Sintra is not instructive here.
¶ 19 The second case cited by Union Elevator, Smoke, 132 Wash.2d 214, 937 P.2d 186, provides a narrow exception to the general rule that the State cannot be held liable for interest on its debt without its consent. In Smoke we allowed an award for postjudgment interest when the city "consent[ed] to suit for damages," thereby "impliedly waiv[ing] immunity from the liabilities attendant to such claims." Smoke, 132 Wash.2d at 228, 937 P.2d 186 (citing Architectural Woods, 92 Wash.2d at 526-27, 598 P.2d 1372). But Smoke differs from our current case in two key aspects. First, the interest award sought in Smoke was postjudgment, whereas Union Elevator seeks an award of prejudgment interest. Second, the statutory scheme at issue in Smoke[4] is distinct from the statutory scheme at issue now. Smoke involved a statutorily-created cause of action for permit applicants facing arbitrary, capricious, or unlawful agency action. Notably, the statute also included an attorney fee provision, suggesting that the legislature intended not only to establish a claim but to provide comprehensive relief to aggrieved claimants. Conversely, the Relocation Act expressly limits what it creates. Other than limited review under the Administrative Procedure Act (APA), chapter 34.05 RCW, it provides that "no provision of this chapter may be construed to give any person a cause of action in any court." RCW 8.26.010(3).[5] Furthermore, the Relocation Act does not contain any express provision for attorney fees. Given these discrepancies, Smoke is not applicable in this case and does not support the Court of Appeals' conclusion.
¶ 20 Since Sintra and Smoke do not control and Architectural Woods does not constrain finding an implied waiver of sovereign immunity, the focus must be on the statutory language and purpose of the Relocation Act to determine whether the legislature intended to waive the State's sovereign immunity. To this point, the DOT argues that the Court of Appeals erred by incorporating relocation assistance awards into the just compensation required in condemnation actions. The DOT contends that the Court of Appeals improperly found waiver of the State's sovereign immunity by construing the Relocation Act in conjunction with unrelated statutes.
¶ 21 As mentioned, the Court of Appeals relied on two eminent domain statutes, RCW 8.04.092 and RCW 8.28.040, in reaching its conclusion. Analyzing RCW 8.04.092, the appellate court relied on the phrase "and the amount of damages arising from the taking" to suggest that the legislature intended to incorporate relocation assistance awards into awards of just compensation for eminent domain takings. However, the plain text of RCW 8.04.092 limits the statute's application to eminent domain proceedings. More specifically, the statute awards additional damages in condemnation proceedings where such damages occur "in the same action." *90 RCW 8.04.092. In this case, Union Elevator's condemnation action was final in January 2001, five months before Union Elevator filed a claim for relocation assistance benefits in May 2001. Consequently, Union Elevator's relocation assistance award cannot be a claim "in the same action" as Union Elevator's condemnation claim. Moreover, relocation assistance awards are not "claims" arising solely in an eminent domain context; rather they are separate administrative awards paid by the DOT where the statutory requirements are met. Relocation assistance awards are not claims for which a person can bring a lawsuit to recover. RCW 8.26.010(3). Therefore, we find that RCW 8.04.092 does not impliedly permit interest on relocation benefit awards.
¶ 22 The Court of Appeals also found the language in RCW 8.28.040 instructive. Although RCW 8.28.040 does permit interest on judgments, the statute expressly limits such awards of interest to instances in which a "verdict [has] been returned" in "any eminent domain proceeding." (Emphasis added.) Like RCW 8.04.092, and the analysis above, this statute is inapplicable here because Union Elevator was not provided relocation assistance as a component of just compensation in an eminent domain proceeding, but under a separate statutory administrative claim. Indeed, the legal basis for just compensation and relocation assistance benefits is distinct. Unlike just compensation, which is a constitutionally-mandated award, Union Elevator's award of relocation assistance is a legislatively-crafted benefit controlled entirely by statute.
¶ 23 Union Elevator contends that the express policy located within the Relocation Act requires that the act be read together with our eminent domain statutes. Union Elevator asserts that the Relocation Act is intended "[t]o establish a uniform policy for the fair and equitable treatment of persons displaced as a direct result of public works programs." RCW 8.26.010(1)(a). But this policy statement does not establish a legislative intent to interpret the Relocation Act as a companion to our eminent domain statutes. Instead, the language of RCW 8.26.010(1)(a) contemplates that relocation assistance awards will be uniformly applied, not that relocation assistance will be awarded to establish a uniform policy between both relocation benefits and eminent domain takings awards. Furthermore, another policy objective expressed in the Relocation Act indicates that the act is to be interpreted as being distinct from eminent domain statutes:
Nothing in this chapter may be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of value or of damage not in existence immediately before March 16, 1988.
RCW 8.26.010(4). Rather than create an additional element of damages to be incorporated into just compensation, the Relocation Act specifically states an intention to not add any new element of damages to condemnation proceedings. Based on the policy statement in RCW 8.26.010(4) and the plain language of the Relocation Act, these statutes cannot be merged under one general claim.
¶ 24 Our conclusion is in accord with the Court of Appeals on this subject. In Shum, the Court of Appeals found that the State did not impliedly waive sovereign immunity for prejudgment interest on an award of pension benefits. Shum v. Dep't of Labor & Indus., 63 Wash.App. 405, 819 P.2d 399 (1991). The statute at issue in Shum provided for prejudgment interest, but only to workers prevailing after appeal. The Court of Appeals noted that a statutory waiver of immunity as to interest applies only under the circumstances delineated in the statute, and refused to read an implied waiver into the statute. Shum, 63 Wash.App. at 409-11, 819 P.2d 399. Similarly, in Kringel, the Court of Appeals held that the State was not liable for interest on a statutory award of back pay for a reinstated employee because the statute unambiguously provided for an award of specific benefits and interest was not included in those benefits. Kringel v. Dep't of Soc. & Health Servs., 45 Wash.App. 462, 726 P.2d 58 (1986). Similar to those cases, here RCW 8.28.040 permits awards of interest, but the statute is specifically limited to eminent domain proceedings. Since the statute expressly states the situations in which it operates, we will not extend its *91 scope to include relocation benefit awards. Also, RCW 8.26.035 specifically designates several categories of compensable costs and expenses available to displaced persons, but none of these categories can be fairly read to include awards of interest.
¶ 25 A waiver of sovereign immunity exists when the State has expressly, or by reasonable construction of a contract or statute, placed itself in a position of attendant liability. In this case, the Court of Appeals erroneously concluded that Union Elevator's relocation assistance benefits should be considered in company with condemnation awards, but the statutes imposing condemnation award damages cannot be reasonably construed to waive sovereign immunity for interest on relocation assistance awards. The legislature enacted statutes expressly permitting interest on condemnation awards, but did not include similar language in the Relocation Act. Furthermore, the legislature enumerated specific categories of costs and expenses compensable under the Relocation Act, but did not include interest among these recoverable expenses. We will not do so impliedly.

CONCLUSION
¶ 26 We reverse the Court of Appeals and hold that the Relocation Act, chapter 8.26 RCW, does not waive the State's sovereign immunity for awards of interest on relocation assistance benefits.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, GERRY L. ALEXANDER, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, DEBRA L. STEPHENS, and CHARLES K. WIGGINS, Justices.
NOTES
[1] In its answer, Union Elevator moved this court to review Division Three's affirmation of the trial court's award of attorney fees. We declined review. Therefore, this portion of the holding is not before this court.
[2] RCW 8.26.035 reads, in pertinent part:

(1) Whenever a program or project to be undertaken by a displacing agency will result in the displacement of any person, the displacing agency shall provide for the payment to the displaced person of:
(a) Actual reasonable expenses in moving himself or herself, or his or her family, business, farm operation, or other personal property;
(b) Actual direct losses of tangible personal property as a result of moving or discontinuing a business or farm operation, but not to exceed an amount equal to the reasonable expenses that would have been required to relocate the property, in accordance with criteria established by the lead agency;
(c) Actual reasonable expenses in searching for a replacement business or farm; and
(d) Actual reasonable expenses necessary to reestablish a displaced farm, nonprofit organization, or small business at its new site, in accordance with criteria established by the lead agency, but not to exceed fifty thousand dollars.
[3] Smoke v. City of Seattle, 132 Wash.2d 214, 228, 937 P.2d 186 (1997) (finding implied waiver of immunity on damages from land use permitting decisions); Carrillo v. City of Ocean Shores, 122 Wash.App. 592, 94 P.3d 961 (2004) (allowing interest on amounts collected by unlawful tax); Olympic Pipe Line Co. v. Thoeny, 124 Wash.App. 381, 398, 101 P.3d 430 (2004) (noting that "the State enjoys a sovereign immunity from payment of interest, unless it places itself in a position of liability by contract or statute"); Hyde v. Wellpinit Sch. Dist. No. 49, 32 Wash.App. 465, 648 P.2d 892 (1982) (allowing statutory waiver of interest).
[4] Ch. 64.40 RCW.
[5] In turn, the APA does not permit awards of damages or compensation other than those expressly provided by another provision of law. RCW 34.05.574(3). Therefore, even if we were to view the language of RCW 8.26.010(3) permitting limited APA review as creating a cause of action sufficient to meet Smoke, RCW 34.05.574(3) would not permit this court to award interest on relocation assistance awards unless "expressly authorized" by a provision in the Relocation Act. However, as discussed previously, there is no provision in the Relocation Act expressly providing for interest.