**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELLIOTT A. GIBSON; EVAN A. GIBSON; EDWARD S. GIBSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF KIRKLAND, a municipal corporation; OFFICER J MCMILLIAN, of the Kirkland Police Dept.; OFFICER J TROMBLEY, of the Kirkland Police Dept.; JOHN DOES, Kirkland Police Officers 1-5, <br><br> Defendants - Appellees. | No. 10-35251 <br><br> D.C. No. 2:08-cv-00937-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted April 13, 2011
Seattle, Washington

Before: BEEZER, KLEINFELD, and SILVERMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Elliot, Edward and Evan Gibson ("Gibsons") sued defendants-appellees, Kirkland Police Officers Janelle McMillian and Jeff Trombley ("Officers") and their employer, the City of Kirkland, for violations of their civil rights. The Officers counterclaimed for malicious prosecution under RCW § 4.24.350(1) but waived their claims for damages. The jury, which had not been instructed regarding damages in a malicious prosecution claim, returned a verdict for the officers. The district court awarded the Officers attorneys' fees; the Gibsons challenge that award. Because the police officers waived their claims for damages, we conclude that they are not entitled to attorneys fees under RCW § 4.24.350(2). Because we reverse the district court on this ground, we need not reach the Gibsons' remaining contentions.

The facts are known to the parties; we do not repeat them.

We review a district court's award of attorneys' fees for abuse of discretion only if "we are satisfied that the correct legal standard was applied and that none of the district court's findings of fact were clearly erroneous." *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). We review the district court's interpretation of state law de novo. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003).

Under Washington law, a law enforcement officer who prevails on a malicious prosecution claim "*may* be allowed an amount up to one thousand dollars as liquidated damages, *together with* a reasonable attorneys' fee, and other costs of suit." RCW § 4.24.350(2) (emphasis added). Whether defendants such as the Officers may affirmatively waive liquidated damages but still receive attorneys' fees is apparently an open question of state law.

In interpreting a statute, we look first to the language. *Union Elevator & Warehouse Co. v. Dep't of Transp.*, 248 P.3d 83, 86-87 (Wash. 2011). The use of "[t]he term 'may' in a statute generally confers discretion," *In re Marriage of Freeman*, 239 P.3d 557, 560 (Wash. 2010), but that does not answer what the district court has discretion to do. Although the language is somewhat ambiguous, we find it compelling that rather than simply saying prevailing officers may be allowed "liquidated damages *and* attorneys' fees," the Washington legislature used the phrase "together with." This language implies attorneys' fees must be awarded "[i]n union with" liquidated damages as a single remedy, and not by themselves. BLACK'S LAW DICTIONARY 1333 (5th ed. 1979) (defining "together"). *Cf. Clark v. Luepke*, 809 P.2d 752, 756 & n.12 (Wash. Ct. App. 1991), *aff'd* 826 P.2d 147, 152 (Wash. 1992) (interpreting the Consumer Protection Act's use of "together with" as requiring damages for an award of attorneys' fees).

3

As required by Washington law, we also look to the purposes of the malicious prosecution statute, *see Brand v. Dep't of Labor &Indus.*, 989 P.2d 1111, 1115 (Wash. 1999) (describing the purposes of the statute as "central" to the calculation of an attorneys' fee award), but they do not compel a contrary interpretation. Washington's legislature stated that the purpose of "section 2 . . . is to provide a remedy" to public officers who face the "severely burdensome" task of defending frivolous law suits. RCW § 4.24.350, Legislative Findings – 1984 c. 133. Once again, however, this does not answer the question whether the legislature has provided a court discretion to award attorneys' fees when liquidated damages are not sought or are deemed inappropriate.

The only firm guidance we have is that despite the legislature's assertion that RCW § 4.24.350 is "remedial and shall be liberally construed," Washington's own courts construe the elements of malicious prosecution claims strictly. *See Clark v. Baines*, 84 P.3d 245, 248 (Wash. 2004)*; Gem Trading Co. v. Cudahy Corp.*, 604 P.2d 828 (Wash. 1979). The Washington tort of malicious prosecution consists of seven elements, only two of which are explicitly eliminated by RCW § 4.24.350(2), including the requirement that a police officer prove "special injury (meaning injury which would not necessarily result from similar causes of action).*" Clark*, 84 P.3d at 248. The remaining elements, however, include a

4

requirement that "the plaintiff suffered injury or damage as a result of the prosecution." *Id.* We therefore conclude that there was no statutory authority to award the Officers attorneys' fees after they affirmatively waived damages.

Without such authority, we must REVERSE.